IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD E. SMITH,<br>    Plaintiff,<br> v.<br><br>JONES, GREGG, CREEHAN & GERACE, LLP.,<br>RICHARD B. SANDOW, Esq., DAVID M.<br>HUNTLEY, Esq., BYRON W. KING, Esq., JOHN<br>P. CORCORAN, JR., Esq., RAYMOND M.<br>ROBERTS, Esq., MICHAEL A. CARR, Esq.,<br>ANTHONY W. SAVEIKIS, Esq., STOCKEY &<br>KELLY, WILLIAM E. STOCKEY, Esq., THE<br>DOLAN GROUP, LLC., JOHN S. DOLAN, CPA,<br>DAGNON & DENNEHY, JOHN M. DAGNON,<br>CPA, PNC FINANCIAL SERVICES GROUP,<br>JOEL GOLD, Esq., LAZARUS M. PALNICK,<br>Esq., CHARLES DATZ, CLYDE H. SLEASE, Esq.,<br>THOMAS E. CUNNINGHAM, BERNADETTE J.<br>CUNNINGHAM, CHRISTIN S. MILLER, DAVID<br>K. MILLER, RICHARD J. BARKO, and STACIE<br>L. BARKO,<br>    Defendants. | )<br>)<br>) 2:08-cv-365<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED MEMORANDUM ORDER

  Pending now before the Court are the MOTION FOR APPOINTMENT OF ATTORNEY (Document No. 4) and MOTION FOR SERVICE OF SUMMONS (Document No. 5) filed by Plaintiff Donald E. Smith, who is pro se. The Court has previously granted Plaintiff's motion to proceed in forma pauperis under 28 U.S.C. § 1915. The motions will be addressed seriatim. This Memorandum Order incorporates the Court's Order dated March 27, 2008 and provides additional instructions to the United States Marshal.

Motion to Appoint Counsel

  Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may" request an attorney to represent a

party who otherwise could not afford counsel. However, "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The decision is within the broad discretion of the Court and may occur at any point in the process. *Id.*

As a threshold matter, the Court must assess whether the claimant's case has some arguable merit in fact and law. *Id. (*citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). If a claimant overcomes this hurdle, additional factors that must be evaluated include:

> 1. the plaintiff's ability to present his or her own case;
>
> 2. the difficulty of the particular legal issues;
>
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
>
> 4. the plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. the extent to which a case is likely to turn on credibility determinations, and;
>
> 6. whether the case will require testimony from expert witnesses.

*Id.* at 499 (citing *Tabron*). These factors are not exhaustive and the Court "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.*

The Court harbors significant doubts as to Plaintiff's ability to overcome the threshold hurdle. The Complaint is extraordinarily lengthy and its chronological allegations are exhaustive. However, the gravamen of the complaint concerns control over a closely-held corporation, which Defendants allegedly drove into bankruptcy. Plaintiff asserts twelve causes of action, primarily based on state law. This Court cannot exercise subject matter jurisdiction on

the basis of diversity of citizenship.  The only possible grounds for federal question jurisdiction are Count XI, which purports to assert a civil RICO claim, and Count XII, which alleges a violation of 42 U.S.C. § 1985.  As explained by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007), Plaintiff must state a "plausible" claim for relief.

There are four basic elements that a plaintiff must establish to prove any civil RICO action: (1) the existence of a RICO enterprise; (2) the existence of a pattern of racketeering activity; (3) a nexus between the defendant, the pattern of racketeering activity or the RICO enterprise; and (4) resulting injury to the plaintiff's business or property.  *Rosenberg v. JCA Assoc.*, 2007 WL 1038893 (D.N.J. 2007).  Because Plaintiff is alleging predicate acts based on fraud, the RICO claim must be stated with particularity.  Fed. R. Civ. P. 9.

The instant Complaint is flawed in numerous respects.  It does not identify the RICO "enterprise."  Although unclear, Plaintiff does not appear to be alleging that Total Industrial and Packaging Corporation ("TIP"), of which he is or was a 49% owner, is the "enterprise," but rather, that TIP is the victim of the alleged RICO scheme.  Similarly, although ¶¶ 243, 246-249 attempt to generally identify eight predicate acts under RICO, the complaint does not set forth with particularity the conduct by any specific defendant which would satisfy all the elements of a specific predicate offense.  Such conduct as preparing loan applications, taking an entity into bankruptcy, not signing a Forbearance Agreement or threatening to initiate litigation, without more, is not inherently unlawful.  It is not sufficient for a party to incorporate by reference papers and exhibits that are "too voluminous" to attach to the Complaint.  *See* ¶ 249.  Most troubling, the Complaint names approximately 25 defendants, yet the operative RICO allegations do not

specify which defendant or defendants engaged in any particular activity. Thus, the "nexus" element is completely lacking as to each named Defendant.

At this stage of the case, the Court need only preliminarily assess the relative merits of the claim and Defendants have not yet had an opportunity to be heard. Accordingly, the Court will not dismiss the RICO claim, but will merely conclude that at this stage, appointment of counsel is not justified.

Similarly, the Section 1985 claim is not strong enough to justify appointment of counsel. "In order to state a claim under § 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States." *Sunkett v. Miski*, 183 F. Supp.2d 691, 705 (D.N.J. 2002) (citations omitted). Section 1985 claims have been narrowly construed to protect immutable, highly identifiable, and discrete group identification, such as race. *Id.* The Complaint is entirely lacking in such averments. Thus, a Section 1985 claim is unlikely to succeed.

The two claims which would justify the exercise of original jurisdiction in federal court do not appear to have arguable merit in fact and law. Because the Court concludes that Plaintiff cannot satisfy the threshold inquiry under either claim, it does not reach the remaining factors at this time. The Court does not address the arguable merits of Plaintiff's state law claims as it will likely decline to exercise supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(c).

In accordance with the foregoing, the MOTION FOR APPOINTMENT OF ATTORNEY (Document No. 4) is **DENIED**.

Motion for Service of Summons

Fed. R. Civ. P. 4(c)(3) states that the Court "must" order that service be made by a United States Marshal, deputy marshal or other person appointed by the Court if Plaintiff is authorized to proceed in forma pauperis. Similarly, pursuant to 28 U.S.C. § 1915(d), officers of the Court "shall issue and serve all process." Accordingly, the MOTION FOR SERVICE OF SUMMONS (Document No. 5) is **GRANTED**. The costs of such service shall be advanced by the Government.

However, Plaintiff must provide the information necessary to enable the United States Marshal to effectuate service. Plaintiff shall provide a completed U.S. Marshal Form 285 for service upon each separate Defendant, along with a completed Notice and Request for Waiver of Summons and copy of the complaint for each separate Defendant, to the Clerk of Court for the Western District of Pennsylvania, on or before April 15, 2008.

For Plaintiff's convenience, 25 copies of U.S. Marshal Form 285 ("Instructions for Service of Process by U.S. Marshal") and one copy of a Notice and Request for Waiver of Service of Summons are attached to this Memorandum Order and sent to Plaintiff by U.S. Mail. Any questions that Plaintiff may have regarding service shall be directed to the clerk of courts or to the United States Marshal. Plaintiff shall not contact chambers.

Upon receipt of all required information, the United States Marshal shall mail a Notice of Lawsuit, a Request for Waiver of Service of Summons, a Waiver of Service of Summons, a copy of the Complaint, and a copy of this Order, to each Defendant.

SO ORDERED this 8th day of April, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:     DONALD E. SMITH
        1308 Main Street  #4
        Burgettstown, PA 15021
        (412) 722-3783
        (by US Mail with enclosures)


        United States Marshal