# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD E. SMITH,<br>    Plaintiff,<br>v.<br><br>JONES, GREGG, CREEHAN & GERACE, LLP., RICHARD B. SANDOW, Esq., DAVID M. HUNTLEY, Esq., BYRON W. KING, Esq., JOHN P. CORCORAN, JR., Esq., RAYMOND M. ROBERTS, Esq., MICHAEL A. CARR, Esq., ANTHONY W. SAVEIKIS, Esq., STOCKEY & KELLY, WILLIAM E. STOCKEY, Esq., THE DOLAN GROUP, LLC., JOHN S. DOLAN, CPA, DAGNON & DENNEHY, JOHN M. DAGNON, CPA, PNC FINANCIAL SERVICES GROUP, JOEL GOLD, Esq., LAZARUS M. PALNICK, Esq., CHARLES DATZ, CLYDE H. SLEASE, Esq., THOMAS E. CUNNINGHAM, BERNADETTE J. CUNNINGHAM, CHRISTIN S. MILLER, DAVID K. MILLER, RICHARD J. BARKO, and STACIE L. BARKO,<br>    Defendants. | 2:08-cv-365 |

## MEMORANDUM ORDER

Pending now before the Court are Plaintiff's MOTION TO VACATE THE ORDER OF THIS COURT AT DOCKET 12 BEFORE THIS COURT (Document No. 121), Plaintiff's MOTION FOR DEFAULT JUDGMENT TO BE ISSUED BY THE COURT PURSUANT TO F.R. CIV. P. 55(b)(2) (Document No. 122), MOTIONS FOR SETTING ASIDE A DEFAULT JUDGEMENT PER F.R. CIV. P. 55 (Document Nos. 123, 124) filed by Defendants Richard and Stacie Barko, and the REQUEST TO SET ASIDE DEFAULT (Document No. 126) filed by Defendant Clyde H. Slease.[1]  Plaintiff has filed responses to the Defendants' motions (Document

---

[1] The Court will recognize the relief sought by Slease, even though it was not docketed as a separate motion.  The Court observes that a motion to dismiss and supporting brief were also attached as exhibits, although not filed separately.

Nos. 127, 128). The matters are ripe for disposition.

Procedural History

Plaintiff Donald E. Smith is pro se. The original complaint was filed on March 17, 2008. Defendants Slease and the Barkos waived service. (Document Nos. 8, 20, 21). Defendants Thomas and Bernadette Cunningham were personally served on July 28, 2008. (Document Nos. 74, 75). On April 25, 2008, attorneys Robert O. Lampl and John P. Lacher filed a Suggestion of Bankruptcy on behalf of the Cunninghams. (Document No. 11).[2] Accordingly, the Court entered an Order on May 1, 2008, staying all further proceedings against the Cunninghams in accordance with 11 U.S.C. § 362. (Document No. 12). On May 20, 2008, Plaintiff filed notice of Discharge of Debtor as to the Cunninghams (Document No. 29), but did not request that the Court lift the stay.

On August 13, 2008, Smith filed a pro se Amended Complaint. Numerous Defendants filed motions to dismiss the amended complaint, which are pending.[3] The Cunninghams, the Barkos and Slease did not file a response. On September 22, 2008, Plaintiff moved for entry of default as to the non-responding Defendants. The clerk's office entered default against each. The Court subsequently removed the entry of default as to Thomas and Bernadette Cunningham as in error, in light of its prior stay order of May 1, 2008.

---

[2]Attorneys Lampl and Lacher have not otherwise entered an appearance in this case. The pending motion to lift the bankruptcy stay was served on the Cunninghams via prepaid mail at 101 White Oak Drive, Slippery Rock, PA 16057. No response has been filed.

[3]Smith filed a response to many of these motions (Document No. 105), and had the opportunity to respond to additional motions by October 6, 2008.

With that background, the Court turns to the instant motions. Defendants Richard Barko, Stacie Barko and Clyde Slease seek to lift the entry of default. Plaintiff, on the other hand, seeks a default judgment as to those parties. Plaintiff also seeks a lifting of the stay as to the Cunninghams.

Motion to Lift Stay

When the Cunninghams filed a suggestion of bankruptcy, the Court entered an automatic stay of the proceedings against them pursuant to 11 U.S.C. § 362. Plaintiff has filed a notice that the Bankruptcy Court has granted a Discharge of Debtor as to the Cunninghams. Pursuant to 11 U.S.C. § 362(c)(2)(C), an automatic stay is generally terminated when such a discharge is granted. The Cunninghams have received notice of Plaintiff's motion to lift the stay and have not filed a response or provided any basis for maintaining the stay. Accordingly, Plaintiff's MOTION TO VACATE THE ORDER OF THIS COURT AT DOCKET 12 BEFORE THIS COURT (Document No. 121) is **GRANTED**. The stay is terminated and Defendants Thomas and Bernadette Cunningham shall file their response to the Amended Complaint on or before November 3, 2008.

Motions For Default

The motions regarding Slease and the Barkos will be addressed collectively. Pursuant to Fed. R. Civ. P. 55(c), the Court may set aside an entry of default for "good cause shown." The Court must consider and make explicit findings on the following factors: 1) whether lifting the default would prejudice the plaintiff; 2) whether the defendant has a meritorious defense; 3)

3

whether the defendant's conduct is excusable or culpable; and 4) the possibility of effective alternative sanctions. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir.1987). Default judgments are greatly disfavored "and in a close case, doubts should be resolved in favor of setting aside the default and reaching the merits." *Zawadski De Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir.1987).

The Court finds that setting aside the defaults would not prejudice Plaintiff. It is very early in the case and numerous other Defendants have filed motions to dismiss the Amended Complaint. These motions remain pending. The claims asserted against Slease and the Barkos are very similar to those asserted against the other Defendants and it would not cause any perceptible prejudice to address claims against all Defendants at the same time.

The Court finds, without making a dispositive ruling on the pending motions to dismiss, that Defendants may well have a meritorious defense. As noted, the claims against Slease and the Barkos are nearly identical to those asserted against the numerous remaining Defendants. The motions filed by the other Defendants articulate a number of substantial grounds for dismissal of the Amended Complaint.

The Court finds that Defendants' conduct is excusable. The Court has afforded significant latitude to Plaintiff in recognition of his proceeding pro se. The Barkos are also appearing pro se to date, and their mistaken belief that a motion to dismiss filed by other Defendants would address their identical claims is understandable.[4] Defendant Slease, apparently a resident of the Washington, D.C. area, avers that he reasonably relied on the

---

[4]Indeed, it is permissible to file a response that adopts the arguments set forth by other similarly-situated parties.

representation of counsel that an appropriate appearance and response would be filed, and only learned of the failure to have done so on September 29, 2008.

Finally, the Court finds that the factor evaluating the effectiveness of other sanctions weighs in favor of setting aside the defaults. Here, the defaults were entered by a mere administrative act which can easily be reversed. There has been no real impact on the just, speedy or inexpensive progress of this litigation due to the entries of default. In sum, all of the factors weigh in favor of setting aside the entries of default so that this case can be evaluated on the merits.

In accordance with the foregoing, Plaintiff's MOTION FOR DEFAULT JUDGMENT TO BE ISSUED BY THE COURT PURSUANT TO F.R. CIV. P. 55(b)(2) (Document No. 122) is **DENIED as to Richard and Stacie Barko and Clyde H. Slease and DENIED AS MOOT as to Thomas and Bernadette Cunningham;** the MOTIONS FOR SETTING ASIDE A DEFAULT JUDGEMENT PER F.R. CIV. P. 55 (Document Nos. 123, 124) filed by Defendants Richard and Stacie Barko are **GRANTED;** and the REQUEST TO SET ASIDE DEFAULT (Document No. 126) filed by Defendant Clyde H. Slease is **GRANTED**. The Clerk's Entries of Default as to Richard and Stacie Barko and Clyde H. Slease (Document Nos. 116, 119, 120) are hereby set aside and the clerk shall docket same. Defendants Richard and Stacie Barko and Clyde H. Slease shall file responses to the Amended Complaint on or before November 3, 2008.

SO ORDERED this 10th day of October, 2008.

                                              BY THE COURT:

                                              s/ Terrence F. McVerry
                                              United States District Court Judge

cc: DONALD E. SMITH
1308 Main Street #4
Burgettstown, PA 15021
(412) 722-3783
(by US Mail)

Thomas and Bernadette Cunningham
101 White Oak Drive
Slippery Rock, PA 16057
(by US Mail, certified and postage prepaid)

Richard and Stacie Barko
117 Broughton Road
Bethel Park, PA 15102
(by US Mail, certified and postage prepaid)

Robert O. Lampl
John P. Lacher
960 Penn Avenue, Suite 1200
Pittsburgh, PA 15222
(by US Mail)

All Counsel of Record
(by CM/ECF)